UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:

CHRISTOPHER CARDOSO,
    Plaintiff,
v.

VALENTINE & KEBARTAS, LLC,
    Defendant.
_____/

## COMPLAINT FOR DAMAGES
### JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").

### JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367, and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendants filed a state court suit against Plaintiff in this District.

### PARTIES

3.    Plaintiff, CHRISTOPHER CARDOSO ("Cardoso"), is a natural person, and citizen of the State of Florida, residing in Palm Beach County, Florida.

4.    Defendant, VALENTINE & KEBARTAS, LLC. ("Valentine"), is a limited liability company formed under the laws of Massachusetts with its principal place of business at 15 Union St., Lawrence, MA 01840.

5.    Defendant, Valentine, is registered with the Florida Department of State Division of Corporations as a limited liability company. Its registered agent for service of process is Cogency Global, Inc., 15 Calhoun St., Suite 4, Tallahassee, FL 32301.

6. Defendant, Valentine, is registered with the Florida Office of Financial Regulation as a consumer collection agency.

7. Valentine attempted to collect a debt for LVNV Funding, LLC ("LVNV").

8. Valentine regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

9. Valentine regularly collects debt due to other parties.

10. Defendant is a "debt collector" as defined in the FDCPA.

11. Defendant is a "debt collector" as defined in the FCCPA.

## FACTUAL ALLEGATIONS

12. Defendant sought to collect from Plaintiff an alleged debt arising from a credit card which Plaintiff used for his own personal, family and household purposes.

13. The alleged debt went into default prior to LVNV's acquisition of it.

14. On or about December 26, 2017, Valentine sent a letter to Plaintiff claiming "as a legally authorized representative of CAPITAL ONE, N.A. [it] is offering to release the [subject account]." See Exhibit "A".

15. The letter further stated that Defendant was prepared to provide a full release of the alleged Capital One account for the full balance owed.

16. LVNV, not Capital One, was the actual owner of the debt.

17. At the time Defendant sent the letter, LVNV was the owner of the subject debt.

18. More than four (4) months prior to the date Defendant sent the letter to Plaintiff, LVNV became the owner of the subject debt on or about August 23, 2017.

19. Upon information and belief, LVNV Funding, LLC, a large debt collector, paid less than the full balance of the debt to Capital One to obtain ownership of Plaintiff's account.

20. Upon information and belief, Defendant was not a legally authorized representative of Capital One.

21. Defendant did not have any right to accept money for the subject debt.

22. Defendant's offer to settle the debt is without authority.

23. Defendant created confusion by claiming that it represented Capital One, N.A., when in reality it represented LVNV.

24. The representations of debt collectors are governed by the "least sophisticated consumer" standard. See *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985).

25. The letter is deceptive, misleading, and confusing to the least sophisticated consumer as to who the actual owner of the debt was.

26. An original creditor, e.g., Capital One, has the ability to delete or modify a negative trade line on a consumer's credit report ("trade line") in exchange for full settlement of a debt.

27. An assignee of an original creditor, e.g., a debt buyer such as LVNV Funding, LLC, only has the ability to delete or modify its own trade line.

28. An assignee of an original creditor does not have the ability to delete or modify a trade line placed by the original creditor.

29. The letter leaves the least sophisticated consumer to conclude that the original creditor was still the owner of the debt.

30. The letter leaves the least sophisticated consumer to conclude that Defendant, as a legally authorized representative of the original creditor, could delete or modify the trade line.

31. The letter leaves the least sophisticated consumer to conclude that Defendant, as a legally authorized representative of the original creditor, could influence the original creditor to delete or modify the trade line.

32. Representations of debt collectors that create confusion violate the FDCPA.

33. Plaintiff was deceived, confused, and misled by Defendant falsely stating that it was a legally authorized representative of Capital One, N.A. when the original creditor relinquished ownership of the subject debt more than four (4) months prior to the letter sent to Plaintiff.

## COUNT I
## FALSE AND DECEPTIVE REPRESENTATION
## OF THE OWNER OF THE ALLEGED DEBT

34. Plaintiff incorporates Paragraphs 1 through 33.

35. Defendant falsely and deceptively represented the owner of the debt in violation of 15 U.S.C. §1692e.

WHEREFORE, Plaintiff request that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## CONFUSING AND MISLEADING STATEMENT

36. Plaintiff incorporates Paragraphs 1 through 33.

37. Defendant made a confusing and misleading statement regarding the owner of the alleged debt in violation of 15 U.S.C. §1692e.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT III
## CONFUSING AND MISLEADING STATEMENT

38.    Plaintiff incorporates Paragraphs 1 through 33.

39.    Defendant falsely and deceptively represented the owner of the debt in violation of Fla. Stat. §559.72(9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Debt Shield Law
Attorney for Plaintiff
3440 Hollywood Blvd., Suite 415
Hollywood, FL 33021
Tel:    305-776-1805
Fax:    305-503-9457
legal@debtshieldlawyer.com
joel@debtshieldlawyer.com

  */s/ Joel D. Lucoff*
Joel D. Lucoff
Fla. Bar No. 192163